Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 6955 | **DATE** | December 12, 2011 |
| **CASE TITLE** | *Xavier Herrera v. United States* | | |

**DOCKET ENTRY TEXT**

Movant Xavier Herrera has filed a *pro se* motion under 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court's preliminary review indicates that his motion plainly shows that he is not entitled to relief. The court thus denies his request for relief under § 2255. Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court declines to issue a certificate of appealability because Mr. Herrera has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

Movant Xavier Herrera pleaded guilty to two drug-related offenses, conspiracy to possess with the intent to deliver at least 3 kilograms of cocaine, *see* 21 U.S.C. §§ 841, 846 (Count I), and knowingly possessing a firearm in furtherance of a drug trafficking crime, *see* 21 U.S.C. 924(c)(1)(A) (Count III). He did not appeal.

Before the court is Herrera's motion to vacate or set aside his sentence under 28 U.S.C. § 2255. He sets out multiple grounds for his motion, all of which involve allegations that his counsel was ineffective. To succeed on his argument that his counsel was ineffective, Herrera must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced him resulting in an unreliable or unfair outcome. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). With that standard in mind, the court proceeds to address each of the grounds for Herrera's motion.

**Ground I: Ineffectiveness Regarding Guilty Plea**

First, Herrera contends that his attorney failed to "challenge the fact that the gun [found on him] was not carried in furtherance of a drug crime," and that had his attorney "made me aware of this legal theory," he would never have changed his plea to guilty. Motion [1-1] at 4. However, in his plea agreement, the defendant explicitly acknowledged that he had "knowingly possessed a firearm in furtherance of, and used and carried a firearm during and in relation to, a drug trafficking crime." Plea Agreement (docket # 88 in 08 CR 526) at 7. More specifically, he acknowledged that he "had in the waist-band of his pants a fully-loaded silver with black handgrips Colt Defender Series 90 Lightweight .45 caliber semi-automatic handgun" along with an "unloaded black with pearl handgrips ARMI Jager .357 caliber Magnum revolver," and that while he was a police officer at the time, he was off-duty. *Id.*

The court carefully questioned Herrera about the factual basis for his guilty plea and confirmed that Herrera

agreed with that factual basis and that his change of plea was knowingly and voluntary. It also confirmed with Herrera that he had spoken to his attorney about his plea agreement and that he fully understood the consequences of his decision to plead guilty. The court accepted his change of plea only after being satisfied that he did so knowingly and voluntarily.

In light of Herrera's admissions that he possessed a firearm in furtherance of a drug crime, he has failed to establish that his attorney's failure to present a defense that contradicted those admissions fell below an objective standard of reasonableness. Accordingly, he has failed to establish that his attorney's assistance regarding his guilty plea was ineffective.

**Gound II: Ineffective Assistance of Counsel at Sentencing—Leniency**

Next, Herrera contends that his attorney was ineffective by failing to seek leniency at sentencing. Specifically, he argues that his attorney failed to seek leniency in the following ways: counsel failed to (1) present to the court 30 character reference letters, (2) present a petition for leniency signed by more than 100 persons, (3) apprise the court of the commendable acts he performed as a police officer, (4) argue that Herrera presented a low risk of recidivism, and (5) alert the court to Herrera's allegations that he had been physically abused while arrested.

The court need not address counsel's performance at sentencing because, even assuming it was in any way deficient (an issue which the court need not reach), Herrera cannot show that he was prejudiced. The court imposed the statutory minimum sentence, 60 months on Count I, *see* 21 U.S.C. § 841(b)(1)(B), plus an additional 60 months on Count II, which the court was required to run consecutive to the 60-month sentence imposed on Count I, *see* 841 U.S.C. § 924(c)(1)(A).

Because the court could not have imposed a lower sentence, counsel could not have obtained any additional leniency. Therefore, Herrera cannot show that he was prejudiced by counsel's performance at sentencing.

**Ground III: Ineffective Assistance of Counsel at Sentencing—Citizenship**

Finally, Herrera argues that his attorney was ineffective because he failed to adequately establish Herrera's citizenship after failing to secure a copy of Herrerra's birth certificate. Herrera contends that lingering questions about his citizenship prejudiced him because the Bureau of Prisons placed him in a low security facility rather than a camp, and because an immigration detainer was placed on him, although he has since had it removed.

Herrera's argument is unavailing. According to Herrera's own motion, his counsel established his citizenship at sentencing. Specifically, Herrera acknowledges that the court directed the record to reflect that Herrera was a citizen. *See* Motion [1-1] at 7 ("The Court instructed the pretrial services officer, the prosecutor and my attorney to make sure the record reflected I am a United States citizen."). Thus, any difficulties Herrera has faced regarding his designation by the Bureau of Prisons to a low security facility, or the temporary placement of an immigration detainer, do not stem from counsel's performance at his sentencing.

| STATEMENT |
|---|
| **CONCLUSION**<br><br>For the reasons stated, Herrera's § 2255 motion is denied. Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, this court must also either issue or deny a certificate of appealability. Under 28 U.S.C. § 2253(c), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Herrera has made no such showing and, therefore, the court declines to issue a certificate of appealability. |

rs/cpb